IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

RANDALL C. ROCHE, KENT )
TAYLOR, and JULIE TAYLOR, )
)
Plaintiffs, )
)
v. ) Case No. CIV-25-00291-JD
)
SCOTT ROBBINS, )
)
Defendant. )

## ORDER

Before the Court is Defendant ("Defendant") Scott Robbins's Amended Motion to Dismiss ("Motion") [Doc. No. 6]. Plaintiffs Randall C. Roche, Kent Taylor, and Julie Taylor (collectively "Plaintiffs") filed a Response in opposition to the Motion. [Doc. No. 7]. For the reasons outlined below, the Court grants the Motion and dismisses Plaintiffs' complaint without prejudice.

I.  **BACKGROUND**

Plaintiffs initiated this case in the District Court of Oklahoma County, Oklahoma. [Doc. No. 1-1]. Defendant removed the case to this Court based upon diversity jurisdiction. [Doc. No. 1]. Plaintiffs allege a single cause of action of fraud against Defendant. [Doc. No. 1-1]. In support of their claim, Plaintiffs allege as follows:

> Pursuant to discovery and forensic accounting, it is known that defendant, did, in fact, defraud plaintiffs out of a sum of money in excess of $94,000.00, so that jurisdictional amount is met in this case.
>
> The monies wrongfully obtained by defendant were the result of being paid for work not done, said pay being from investor funds that were not for that purpose

and this constitutes a fraud perpetrated to deprive plaintiff/investors of those funds.

[*Id.*].

Defendant moves to dismiss Plaintiffs' claim pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. No. 6 at 1]. In support of his Motion, Defendant argues that Plaintiffs have not pled their fraud claim with particularity as required by Federal Rule of Civil Procedure 9(b). [*Id.* at 3–5]. In response, Plaintiffs assert they are only required to state "a short and plain statement of [their] claim" under the Federal Rules of Civil Procedure and that Defendant's Motion is premature since discovery has not begun. [Doc. No. 7 at 1].

## II.     ANALYSIS

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[1] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a complaint does not need detailed factual assertions, a pleading that offers only "labels and conclusions" or "pleads facts that are merely consistent with a defendant's liability" will not suffice. *Id.* (internal quotation marks and citations omitted).

---

[1] Although Oklahoma Rules of Civil Procedure applied to Plaintiffs' initial pleading, once Defendant removed the case, Federal Rules of Civil Procedure govern Plaintiffs' pleading. Fed. R. Civ. P. 81(c)(1).

The burden is on the plaintiff to plead factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Under this standard, the Court accepts all well-pled factual allegations as true and views the allegations in the light most favorable to the nonmoving party. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010). Conclusory statements, however, are not entitled to the assumption of truth, and courts are free to disregard them. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

Although Plaintiffs correctly state that, ordinarily, a claim pled in accordance with the above standard enunciated in *Twombly* will survive a motion to dismiss, a party pleading a fraud claim has additional pleading requirements. [Doc. No. 7 at 1 (stating that the "Court states the decisive answer to this issue is that FRCP does not require a claimant to set out in detail the facts upon which he bases his claim and to the contrary all the rules require is a short and plain statement of the claim that gives the defendant fair notice of what the claim is.")]. Rule 9(b) requires a party pleading fraud to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Tenth Circuit has interpreted this rule to require that "a complaint must 'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'" *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (quoting *In re Edmonds*, 924 F.2d 176, 180 (10th Cir. 1991)).

Plaintiffs' complaint, on its face, does not meet the requirements of Rule 9(b). Interpreting Plaintiffs' allegations in the light most favorable to them, Plaintiffs have

3

articulated who made the alleged false statements and the consequences of the false statements. [*See* Doc. No. 1-1 at 1 (stating "monies wrongfully obtained by defendant were the result of being paid for work not done" and "defendant, did, in fact, defraud plaintiffs out of a sum of money in excess of $94,000"). Plaintiffs have not, however, outlined any details from which the Court can determine "the time, place and contents of the false representation[.]" *Schwartz*, 124 F.3d at 1252; *see also Jensen v. Am.'s Wholesale Lender*, 425 F. App'x 761, 763 (10th Cir. 2011) (unpublished) (concluding the plaintiff had not met the heightened pleading requirement of Rule 9(b) when plaintiff alleged "defendants and/or their agents collectively engaged in various instances of wrongdoing that eventually culminated in the foreclosure of their home"). Accordingly, the Court concludes Plaintiffs have not met the heightened pleading requirement of Rule 9(b).

      Plaintiffs argue Defendant's Motion is premature because discovery will further develop the basis for Plaintiffs' claim. [*See* Doc. No. 7 at 1 (stating that "[t]he courts are saying current motion to dismiss is premature as discovery should be done")]. The Court disagrees. Even under the pleading requirements of Federal Rule of Civil Procedure 8, as interpreted by *Twombly*, the Supreme Court has explained that a well-pled complaint containing more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" is what "unlock the doors of discovery[.]" *Iqbal*, 556 U.S. at 678 (explaining the implications of *Twombly*, 550 U.S. 544). A motion to dismiss examines the sufficiency of a plaintiff's pleading, not the sufficiency of a plaintiff's evidence. *CRB Res. Inc. v. Newfield Expl. Mid-Continent Inc.*, No. CIV-16-

4

1270-R, 2018 WL 4101523, at *2 (W.D. Okla. Aug. 28, 2018) (rejecting the plaintiff's argument that a motion to dismiss was premature and stating "[a] motion to dismiss challenges the pleadings, not the evidence. A pleading filed without sufficient factual allegations is not permitted to ripen into a claim by permitting discovery. Rather, it is incumbent on the [p]laintiff to identify the facts in support of its theories of recovery."). In this case, Plaintiffs must plead their fraud claim in accordance with the heightened specifications required by Rule 9(b) to access discovery to support their claim. *See* Fed. R. Civ. P. 9(b).

### III.   CONCLUSION

For the reasons outlined above, the Court GRANTS Defendant's Amended Motion to Dismiss [Doc. No. 6] and dismisses Plaintiffs' complaint [Doc. No. 1-1] without prejudice. However, the Court will withhold its judgment of dismissal without prejudice on the current complaint for seven days to see if Plaintiffs present a proper motion for leave to amend to address the deficiencies outlined in this Order. *See* Fed. R. Civ. P. 15(a)(2); LCvR15.1. Absent a timely and proper motion for leave to amend before the Court's deadline, or some other timely filing, the Court will enter a judgment dismissing the complaint [Doc. No. 1-1] without prejudice. Accordingly, the Court will wait to enter its judgment until April 21, 2025.

IT IS SO ORDERED this 14th day of April 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE